WO                                                                    MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Alfred E. Caraffa,

    Plaintiff,

v.

Tempe (AZ) Police Department, et al.,

    Defendants.

No. CV 19-05492-PHX-MTL (ESW)

**ORDER**

On October 24, 2019, Plaintiff Alfred E. Caraffa, who was not detained when he filed his lawsuit, but is now is confined in a Maricopa County Jail, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In District Court without Prepaying Fees or Costs. In a December 16, 2019 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On February 14, 2020, Plaintiff filed a Motion for Seizure of Personal Property for Payment Under Default Judgment (Doc. 9), a Motion for Default Judgment pursuant to Rules 55 and 55(d) of the Federal Rules of Civil Procedure (Doc. 10), a Motion of Right to Appear and Appointment of Counsel (Doc. 11), and a First Amended Complaint (Doc. 12). The Court will order Defendant Guajardo to answer Counts Two,

TERMPSREF

Three, and Five of the First Amended Complaint; dismiss the remaining claims and Defendants without prejudice; and deny Plaintiff's pending Motions.

**I.     Statutory Screening of In Forma Pauperis Complaints**

Pursuant to 28 U.S.C. § 1915(e)(2), in a case in which a plaintiff has been granted in forma pauperis status, the Court shall dismiss the case "if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se individual] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

## II. First Amended Complaint

In his six-count First Amended Complaint, Plaintiff sues Defendants City of Tempe, the City of Tempe Police Department, the City of Tempe Mayor and Chief of Police, and City of Tempe Police Officer Guajardo. He seeks monetary damages and the return of his trading card collection.

In **Count One**, Plaintiff alleges he was subjected to excessive force when Defendant Guajardo "ran up behind [Plaintiff] and restrained [his] right arm . . . without stating he was a[] police officer and detained [Plaintiff] against his will."

In **Count Two**, Plaintiff contends Defendant Guajardo falsely arrested him for disorderly conduct-fighting while Plaintiff was standing on the sidewalk in front of a bar and grill and was not fighting with anyone "before the officer ran up behind [Plaintiff] and restrained [him] with no pro[b]able cause to arrest [Plaintiff] for fighting-disorderly conduct." Plaintiff alleges he was only charged with disorderly conduct-fighting, the arrest was not supported by probable cause, and there was no probable cause for any arrest. He asserts the prosecutor subsequently dismissed the charge due to insufficient evidence. Plaintiff contends Defendant Chief of Police "is in charge of training" police officers and is responsible "for being the Superior Officer of the Police Department." He also claims Defendant Mayor of Tempe is Defendant Chief of Police's "Superior."

In **Count Three**, Plaintiff alleges he was falsely imprisoned when Defendant Guajardo arrested him for disorderly conduct, handcuffed him, detained him, and placed him in the County Jail. Plaintiff asserts the trial court judge released him five days later and the prosecutor ultimately dismissed the criminal charge due to insufficient evidence.

In **Count Four**, Plaintiff contends he was denied due process because there was no probable cause. He claims the criminal charge was dismissed because of insufficient evidence to prosecute. Plaintiff alleges this "clearly shows that there is no pro[b]able cause for an arrest for fighting-disorderly conduct [and] no pro[b]able cause for any arrest to have been made or for handcuffing . . . and detaining [Plaintiff]."

. . . .

TERMPSREF

- 3 -

1    In **Count Five**, Plaintiff contends he was denied due process because he was
2    subjected to an illegal search and seizure. He claims there was no probable cause to detain
3    or arrest him "so his property was illegally searched by officials" at Defendant Tempe
4    Police Department and "illegal i[m]pounded by" Defendant Tempe Police Department for
5    approximately three days "under color of law by [Defendant] Guajardo and other officers
6    unknown to [Plaintiff]" at Defendant Tempe Police Department, under the authority of
7    Defendants Mayor and Chief of Police of Defendant City of Tempe.

8    In **Count Six**, Plaintiff alleges he was subjected to retaliation. He contends that a
9    few hours before Defendant Guajardo arrested him, four Tempe Police Officers stopped to
10   check Plaintiff's identification, detained him, and told him that they "didn't care about any
11   judge[']s ruling[;] you are not to set foot on AMC/Chase Bank property." Plaintiff also
12   asserts he donated a trading card to the Tempe Public Museum/Library because the player
13   had died in Tempe. Plaintiff alleges he "asked if they wanted to use the card" in the
14   museum and requested that his name be displayed as the donor of the card. Plaintiff
15   contends a woman at the museum/library took pictures of his trading card and another
16   trading card. Plaintiff asserts he destroyed several trading cards at the federal courthouse
17   "due to red spots that formed on the back of each card," including a trading card that "had
18   the last name of Liburdi as one of the players."

### III. Claims for Which an Answer Will be Required

Liberally construed, Plaintiff has stated false arrest, false imprisonment, and illegal search and seizure claims against Defendant Guajardo in Counts Two, Three, and Five. The Court will require Defendant Guajardo to answer these claims.

### IV. Failure to State a Claim

#### A. Defendant Tempe Police Department

Defendant Tempe Police Department is a subpart of the City of Tempe, not a separate entity for purposes of suit. *Gotbaum v. City of Phoenix*, 617 F. Supp. 2d 878, 886 (D. Ariz. 2008); *see Braillard*, 232 P.3d at 1269 (county sheriff's office is a nonjural entity); *see also Vincente v. City of Prescott*, 2012 WL 1438695 (D. Ariz. 2012) (city fire

1  department is a nonjural entity); *Wilson v. Yavapai Cnty.*, 2012 WL 1067959 (D. Ariz. 2012) (county sheriff's office and county attorney's office are nonjural entities). Because Defendant Tempe Police Department is not a separate entity, it is not capable of being separately sued. Thus, the Court will dismiss Defendant Tempe Police Department.

### B.  Defendants Mayor and Chief of Police

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). There is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Plaintiff has not alleged that Defendants Mayor and Chief of Police personally participated in a deprivation of Plaintiff's constitutional rights, were aware of a deprivation and failed to act, or formed policies that resulted in Plaintiff's injuries. Thus, the Court will dismiss without prejudice Defendant Mayor and Chief of Police.

### C.  Defendant City of Tempe

A municipality may not be sued solely because an injury was inflicted by its employees or agents. *Long v. County of Los Angeles,* 442 F.3d 1178, 1185 (9th Cir. 2006). The actions of individuals may support municipal liability only if the employees were acting pursuant to an official policy or custom of the municipality. *Botello v. Gammick*, 413 F.3d 971, 978-79 (9th Cir. 2005). A § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless a plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and

(2) explains how such policy or custom caused the plaintiff's injury. *Sadoski v. Mosley*, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)). Plaintiff has failed to allege facts to support that the City of Tempe maintained a specific policy or custom that resulted in a violation of Plaintiff's federal constitutional rights and has failed to explain how his injuries were caused by any municipal policy or custom. Thus, the Court will dismiss without prejudice Defendant City of Tempe.

### D. Count One

The use of excessive force by police officers in the course of an arrest can violate the arrestee's Fourth Amendment right to be free from unreasonable seizures. *See White by White v. Pierce County*, 797 F.2d 812, 816 (9th Cir. 1986). The Fourth Amendment does not prohibit the use of reasonable force. *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1095 (9th Cir. 2006). Whether the force was excessive depends on "whether the officers' actions [were] 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989); *Tatum*, 441 F.3d at 1095; *Lolli v. County of Orange*, 351 F.3d 410, 415 (9th Cir. 2003). The Court must balance the nature and quality of the intrusion against the countervailing governmental interests at stake. *Graham*, 490 U.S. at 396; *Lolli*, 351 F.3d at 415. Moreover,

> [t]he "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. . . . . "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment.

*Graham*, 490 U.S. at 396 (citations omitted). "Whether a particular use of force was 'objectively reasonable' depends on several factors, including the severity of the crime that prompted the use of force, the threat posed by a suspect to the police or to others, and whether the suspect was resisting arrest." *Tatum*, 441 F.3d at 1095.

. . . .

Plaintiff contends Defendant Guajardo "ran up behind [Plaintiff] and restrained [his] right arm." This is not excessive force. Thus, the Court will dismiss without prejudice Count One.

### E. Count Four

In **Count Four**, Plaintiff contends he was denied due process because there was no probable cause. An alleged search or arrest and detention without probable cause does not constitute a violation of the arrestee's substantive due process rights; the constitutional right violated, if any, would be the Fourth Amendment freedom from search and seizure. *Albright v. Oliver*, 510 U.S. 266, 271-74 (1994). *See Crown Point Dev., Inc. v. City of Sun Valley*, 506 F.3d 851, 855 (9th Cir. 2007) ("[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998))). Thus, the Court will dismiss without prejudice Count Four.

### F. Count Six

To state a claim for First Amendment retaliation against a government official, a plaintiff must prove "(1) he engaged in constitutionally protected activity; (2) as a result, he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action." *Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 543 (9th Cir. 2010) (footnote omitted). Plaintiff does not allege any facts to support a conclusion that he was retaliated against because he engaged in constitutionally protected activity. Thus, the Court will dismiss without prejudice Count Six.

## V. Plaintiff's Motions

### A. Motion for Default Judgment

In his Motion for Default Judgment, Plaintiff claims he is entitled to a default judgment, states he no longer has copies of "legal documents with the civil case nos. on

them," and lists evidence he believes "will satisfy[]y the Court to bring a default judgment against the United States, [i]ts officers, [a]gencies."

First, Federal Rules of Civil Procedure 55(d), which states that a "default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court," is inapplicable because the United States, its officers, or its agencies are not parties to this lawsuit. Second, an entry of default is only appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Defendants have not been served with the Complaint or First Amended Complaint and, therefore, were not required to file a response. *See* Fed. R. Civ. P. 12(a). Thus, the Court will deny Plaintiff's Motion for Default Judgment.

### B. Motion for Seizure of Personal Property

Plaintiff requests the Court seize all of Defendant Guajardo's personal property "as the civil action is in default judgment." Defendant Guajardo is not in default and no default judgment has been entered. Thus, the Court will deny Plaintiff's Motion for Seizure of Property.

### C. Motion for Right to Appear and Appointment of Counsel

Plaintiff requests to be present at a hearing on the motion for default judgment and requests the appointment of counsel because he is indigent.

#### 1. Request to Appear at Hearing

No hearing has been set in this case and, as previously noted, Plaintiff is not entitled to a default judgment. Thus, the Court will deny Plaintiff's request to be present at the hearing.

#### 2. Request for Appointment of Counsel

There is no constitutional right to the appointment of counsel in a civil case. *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings in forma pauperis, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C.

§ 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issue involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear at this time that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff is in no different position than many pro se litigants. Thus, the Court will deny without prejudice Plaintiff's request for the appointment of counsel.

**VI. Warnings**

**A. Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B. Copies**

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Motion for Seizure of Personal Property (Doc. 9), Motion for Default Judgment (Doc. 10), and Motion of Right to Appear and Appointment of Counsel (Doc. 11) are **denied**.

(2) Counts One, Four, and Six of the First Amended Complaint are **dismissed** without prejudice.

(3) Defendants City of Tempe Police Department, City of Tempe Mayor, City of Tempe Chief of Police, and City of Tempe are **dismissed** without prejudice.

(4) Defendant Guajardo must answer Counts Two, Three, and Five of the First Amended Complaint.

(5) The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. 12), this Order, and both summons and request for waiver forms for Defendant Guajardo.

(6) Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(8) The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(9) The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order.

(10) If Defendant Guajardo agrees to waive service of the Summons and First Amended Complaint, he must return the signed waiver forms to the United States Marshal,

not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(11) The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a) personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(12) Defendant must answer the relevant portions of the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

. . . .

. . . .

. . . .

. . . .

. . . .

(13) This matter is referred to Magistrate Judge Eileen S. Willett pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 25th day of February, 2020.

Michael T. Liburdi
United States District Judge