WO                                                                          MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Alfred E. Caraffa,

    Plaintiff,

v.

Tempe (AZ) Police Department, et al.,

    Defendants.

No. CV 19-05492-PHX-MTL (ESW)

**ORDER**

On October 24, 2019, Plaintiff Alfred E. Caraffa, who was not detained when he filed this lawsuit, but is now is confined in a Maricopa County Jail, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In District Court without Prepaying Fees or Costs. In a December 16, 2019 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On February 14, 2020, Plaintiff filed a Motion for Seizure of Personal Property for Payment Under Default Judgment, a Motion for Default Judgment, a Motion of Right to Appear and Appointment of Counsel, and a First Amended Complaint. In a February 26, 2020 Order, the Court ordered Defendant Guajardo to answer a portion of the First Amended Complaint; dismissed the remaining claims and Defendants without prejudice; and denied Plaintiff's pending Motions.

On March 27, 2020, Plaintiff filed a "Motion for Support of Civil Action and Re-Open Case" (Doc. 19). In his Motion, Plaintiff appears to take issue with the portion of the Court's February 26, 2020 Order dismissing the remaining claims and Defendants. He also seeks to "amend" two closed cases "to" this case.

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through – rightly or wrongly.'" *Defenders of Wildlife*, 909 F. Supp. at 1351 (*quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

The Court has reviewed the First Amended Complaint, the February 26, 2020 Order, and the Motion. The Court finds no basis to reconsider its decision. Thus, to the extent Plaintiff is seeking reconsideration of the February 26, 2020 Order, the Court will deny Plaintiff's Motion. To the extent Plaintiff is seeking to consolidate two previously dismissed cases with this case, the Court will deny this portion of the Motion because it is duplicative of Plaintiff's currently pending Motion to Combine Cases.

. . . .

**IT IS ORDERED:**

(1) The reference to Magistrate Judge Eileen S. Willett is **withdrawn** as to the "Motion for Support of Civil Action and Re-Open Case" (Doc. 19).

(2) Plaintiff's "Motion for Support of Civil Action and Re-Open Case" (Doc. 19) is **denied**.

(3) All other matters **must remain** with Magistrate Judge Eileen S. Willett for disposition as appropriate.

Dated this 3rd day of April, 2020.

Michael T. Liburdi
United States District Judge